BEFORE THE JUDICIAL PANEL ON
ON  MULTIDISTRICT LITIGATION
MULTIDISTRICT LITIGATION
FILED
JUN 28 1971

)
CBS COLOR TUBE PATENT LITIGATION)   PATRICIA D. HOWARD   DOCKET NO. 69
)   CLERK OF THE PANEL

OPINION AND ORDER



BEFORE ALFRED P. MURRAH, CHAIRMAN AND JOHN MINOR WISDOM, EDWARD
WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER AND STANLEY A. WEIGEL,
JUDGES OF THE PANEL

PER CURIAM

When Columbia Broadcasting Systems, Inc. (hereinafter CBS)
filed its motion to transfer all related cases to the District of
Massachusetts for coordinated or consolidated pretrial proceedings
under 28 U.S.C. §1407, there were a total of six actions pending in
three different districts. (See Schedule A) The General Electric
Company, a party in two of these actions, advised the Panel at the
May 26, 1971 hearing that both of its cases had been settled. The
scope of the litigation has therefore been reduced to four cases
in two districts. Thus the real question is whether the *Zenith
Case* should be transferred from the Northern District of Illinois to
the District of Massachusetts and assigned to Judge Andrew A. Caffrey
for coordinated or consolidated pretrial proceedings with the three
related actions now pending in that District. 1/

---

1/    In situations like this the Panel may postpone action under
§1407 if there seems to be a real possibility that the "outlying
cases" can be transferred under 28 U.S.C. §1404(a). *In re Deering
Milliken Patent Litigation*, ___ F. Supp. ___ (JPML Aug. 21, 1971).
Since the parties apparently agree that the *Zenith Case* cannot be
transferred to Massachusetts under §1404(a), there is no reason for
such a delay here.

- 2 -

These four cases are nearly identical. Each is brought by CBS and each charges infringement of three patents assigned to CBS, the Fyler and Rowe patent, (No. 2,690,518) and the Giuffrida patents (Nos. 3,179,836 and 3,222,172). All three patents relate to the manufacture of color television picture tubes.

In 1966 CBS brought a similar suit in the District of Massachusetts against Sylvania Electric Products, Inc. After a lengthy trial, the District Court held all three patents valid and infringed. *Columbia Broadcasting System, Inc. v. Sylvania Electric Products, Inc.*, 394 F. Supp. 468 (D. Mass. 1968). On appeal, the First Circuit held that the Fyler and Rowe Patent was valid and infringed, but vacated that part of the District Court's judgment relating to the two Giuffrida patents. *Columbia Broadcasting Systems, Inc. v. Sylvania Electric Products, Inc.*, 415 F. 2d 719 (1st. Cir. 1969). Certiorari was denied, 396 U.S. 1061 (1969), and the case was then settled.

About the same time Zenith Radio Corp. (hereinafter Zenith) brought a declaratory judgment action in the Southern District of New York against CBS challenging the validity and denying infringement of the CBS patents. This action was ordered transferred to the District of Massachusetts, *Zenith Radio Corp. v. Columbia Broadcasting Systems, Inc.*, 284 F. Supp. 682(S.D.N.Y. 1960) but was dismissed by the plaintiff prior to transfer.2/

---

2/ A similar declaratory judgment action was brought by the Admiral Corporation in the Northern District of Illinois and it too was transferred to the District of Massachusetts. *Admiral Corporation v. Columbia Broadcasting System, Inc.*, 161 U.S.P.Q. 123 (N.D. Ill. 1969). It was apparently then settled.

- 3 -

The two defendants which responded to the motion oppose transfer of any of these actions under section 1407. Philco Ford Corporation and Philco Distributors, Inc. (hereinafter Philco), defendants in an action originally filed in the District of Massachusetts and now assigned to Judge Caffrey, admit that "lawsuits grounded on the CBS Color Tube Patents involve common questions of fact relating to the *validity* of each of those patents" but deny that they involve common questions of fact relating to the issues of *infringement*. Their basic objection to transfer is that discovery regarding infringement would "very likely" require each of the defendants to reveal to its competitors sensitive proprietary business and technological information. Philco therefore urges the Panel to either deny the motion to transfer or to limit proceedings following transfer to the *validity* of the patents.

Zenith, the defendant whose case is subject to transfer under §1407, opposes such a transfer on somewhat different grounds. It contends that transfer will not serve the convenience of the parties or their witnesses or promote judicial efficiency. This is said to be so because the time saved by consolidated discovery will be exceeded by the time required for the four defendants to "coordinate" their discovery efforts. Counsel for Zenith stresses the fact that since this case cannot be transferred for trial under section 1404(a), Judge Marovitz, the judge to whom this case is now assigned, will have to try the case in the

Northern District of Illinois and would benefit from having supervised pretrial proceedings.3/ Counsel further argues that there is little connection between this litigation and the District of Massachusetts other than the fact that the trial in a related case took place in that District. Counsel suggests that his trial strategy will be quite different from that used by Sylvania's counsel and that discovery will be substantially different as well. CBS concedes that only a limited number of documents are located in Massachusetts and that the witnesses are scattered throughout the country.

Although this litigation is not massive, we believe that it is appropriate for transfer under section 1407. All cases involve the same three patents and all parties concede that questions relating to *validity* are indeed common to all four actions. Considering the fact that questions of infringement were not even raised in the Sylvania appeal (Sylvania apparently conceded that some of its picture tubes infringed the CBS patents) and the importance placed by Zenith's counsel on the validity of their patents 4/ it seems likely that the major emphasis in this litigation will focus on the *validity* of the Fyler and Rowe patent.

---

3/ Of course, in such a situation it would be possible to temporarily assign the judge familiar with the litigation to any district in which a trial is to be held. See 28 U.S.C. §292(c).
4/ Indeed counsel for Zenith stresses both in its brief and in his oral presentation that many factors regarding validity of the Fyler & Rowe patent were not brought to the attention of either of the courts which held the patent valid and infringed.

- 5 -

While it may be true that the District of Massachusetts was an "artificial forum" when this litigation began nearly five years ago, it certainly has become the only appropriate transferee district. Three of the four cases are pending there, some of the witnesses and documents are located in the vicinity[5] and Judge Caffrey has an unparalleled familiarity with this litigation.

IT IS THEREFORE ORDERED that the *Zenith Case*[6] be and the same is hereby transferred from the Northern District of Illinois to the District of Massachusetts and with the consent of that court is hereby assigned to the Honorable Andrew A. Caffrey for coordinated or consolidated pretrial proceedings with the related actions originally filed in that District and previously assigned to Judge Caffrey.

---

[5] Of course, section 1407 does not contemplate that all depositions will be taken in the transferee district. Depositions generally should be taken where the deponent resides. The Panel, may, upon request, assign judges in other districts to act as deposition judges in Multidistrict Litigation. *See Manual for Complex and Multidistrict Litigation*, section 3.32.

[6] *Columbia Broadcasting Systems, Inc. v. Zenith Radio Corporation and the Rauland Corporation*, Civil Action No. 71-C-687

DOCKET NO. 69                                          SCHEDULE A

### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Columbia Broadcasting System v. Northeastern Distributors, Inc. | Civil Action No. 70-581-C |
| Columbia Broadcasting System, Inc. v. Philco-Ford Corporation & Philco Distributors, Inc. | Civil Action No. 71-510-C |
| Columbia Broadcasting System, Inc. v. General Electric Company | Civil Action No. 71-621-C |
| Columbia Broadcasting System, Inc. v. Westinghouse Electric Corporation | Civil Action No. 71-650-C |

### NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Columbia Broadcasting System, Inc. v. Zenith Radio Corporation and Rauland Corporation | Civil Action 71-C-687 |

### NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| General Electric Company v. Columbia Broadcasting System, Inc. | Civil Action No. 71-CV-119 |