

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL
MULTIDISTRICT LITIGATION
FILED

MAY 16 1972

PATRICIA A. HOWARD
CLERK OF THE PANEL

IN CBS COLOR TUBE PATENT    )
LITIGATION                  )
                            )
Columbia Broadcasting System )
v. Zenith Radio Corp. and The )
Rauland Corp., (N.D.Ill. 71  )    DOCKET NO. 69
87, D. Mass. Civil Action    )
69-4                         )

5/16/72

OPINION AND ORDER

_____

BY ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM*,
AND WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S.
LORD III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

_____

PER CURIAM

Columbia Broadcasting System ("CBS") brought a patent
infringement suit in the Northern District of Illinois against
Zenith Radio Corporation and The Rauland Corporation, a wholly
owned subsidiary of Zenith.  Defendants filed a counterclaim
under the Declaratory Judgment Act asking that the patents in
issue be declared invalid and not infringed.  Pursuant to a
previous determination, the Panel transferred the Illinois
action to the District of Massachusetts for coordinated or con-
solidated pretrial proceedings before Chief Judge Andrew
Caffrey. [1]   Defendants have moved the Panel for remand

_____

[1] Although Judges Wisdom and Becker were not present at the
hearing, they have, with the consent of all parties, partici-
pated in this decision.
    In re CBS Color Tube Patent Litigation, 329 F. Supp. 540
(J.M.L. 1971)

-2-

of the Zenith case to the Northern District of Illinois for
further pretrial proceedings and trial.  We deny defendants'
motion for remand.

All but two of the patent infringement actions brought
by CBS and consolidated for pretrial proceedings under Section
1407 have settled.  Only the Zenith case and an action against
Northeastern Distributors, Inc. (Zenith's exclusive distributor)
remain before Judge Caffrey.  And defendants assert that, under
existing case law, the action brought by CBS against North-
eastern is governed, as to outcome, by the main litigation be-
tween CBS (the patentee) and Zenith (the alleged infringing
manufacturer).  Thus, defendants argue that the CBS Color
Tube Patent Litigation has ceased to be "multidistrict litiga-
tion" and that remand at this time will afford the judge who
will ultimately try the case the opportunity to supervise the
remaining discovery and become familiar with the litigation.

CBS opposes the motion for remand.  CBS has a motion
pending before Judge Caffrey to have the counterclaim filed
by defendants in the Northern District of Illinois severed and
transferred under 28 U.S.C. §1404(a) to the District of
Massachusetts for trial.  It argues that Judge Caffrey should
be allowed the opportunity to dispose of that motion before
the question of remand is decided by the Panel.  We agree.

A transferee judge under Section 1407 has the responsi-
bility for all pretrial proceedings in litigation assigned to

-3-

him and the motion before Judge Caffrey is certainly a "pretrial"
motion.[2]   In view of the pendency of that motion, we expressly
refrain from granting this motion for remand and interfering
in matters within the discretion of the transferee judge.[3]
Furthermore, we are not convinced by defendants' arguments that
an action, in which discovery is not yet completed, should be
remanded simply because all other consolidated cases in the
transferee court have been dismissed or terminated in some way.

We remand an action prior to the completion of pretrial
proceedings only upon a showing of good cause.  Defendants have
not persuaded us that remand at this time would promote the
just and efficient conduct of the litigation.

IT IS THEREFORE ORDERED that defendants motion to remand
Columbia Broadcasting System v. Zenith Radio Corp. and The
Rauland Corp., (Northern District of Illinois, 71 C 687) Dis-
trict of Massachusetts, Civil Action No. 69-4, to the Northern
District of Illinois be, and the same hereby is, DENIED.

[2]   See In re Antibiotic Drugs Litigation, 333 F. Supp. 299
(S.D.N.Y. 1971) petition for writ of mandamus denied sub nom.
Pfizer, Inc. v. Lord, 447 F.2d 122 (2d Cir. 1971)
[3]   Cf. In re Gypsum Wallboard Litigation, ___ F. Supp. ___
(J.P.M.L. April 7, 1972)